is Jimenez v. Travelers Commercial Insurance, Appeal No. 23-1299. Mr. Bustamante. Good morning. Peter Bustamante on behalf of Maria and Jose Jimenez. I'm going to take a second to organize myself. So, Your Honors, this case is before you from a state court citation to discover assets that was removed. So, we contend the removal was improper, that there was nothing to adjudicate at the time the case was removed. There was no independent controversy, and it violated the Foreign Defendant Rule. So, on June 3rd, 2022, at the time of removal, travelers had not filed an answer to the citation. So, the district court had no way of determining if there was an actual independent controversy at issue. Under Travelers v. Good and GE Bets v. C, where the supplemental proceeding is not merely a mode of execution, and is indeed involved in an independent controversy, it may be removed. You have no dispute with that. However, Travelers filed its answer on July 1st, 2022, and as it turns out, in its answer, under oath, it stated it had no property or monies belonging to the judgment debtor. And that's at document 13, page 3. Presumably, you disagree with that. I, because this answer was made under oath, Your Honor, and based on the law, which is RISD, even if I disagreed, I had no recourse in the citation proceeding. If you'll take a look at the RISD case, it says once an answer under oath is made that we have no assets, end of story. That's the end of that citation proceeding. We'd have to go to other resources to try to see if, in fact, there is a dispute on that issue. So, again, because there was no controversy, the case was not properly removed, right? But also, removal was improper under the Foreign Defendant Rule. The defendant in the case, Mr. Keefer, is a resident of Illinois. Granted, Travelers is from Connecticut. There would be diversity between Jimenez and Travelers, but Mr. Keefer is a resident of Illinois. Now, they're saying that he was, what do you call it? Nominal defendant? I'm sorry. That was me. Nominal defendant. Thank you so much, Your Honor. Sometimes, you know, with age, that happens. Understood. So, and the fact of the matter is that we don't know, and we don't know for this reason, Travelers was aware that Mr. Keefer was going to enter into an agreement with the plaintiffs for an accident, for a judgment in a certain amount, and a stipulation not to execute him for that, get the funds from Travelers. They even approved that their lawyer may sign the stipulation on behalf of Mr. Keefer. How so? How did they make anything? Oh, yes, Your Honor. How so by saying the lawyer represents, wait, let me finish my question. The lawyer represents Keefer. Keefer says, I'm signing the agreement, and I want you to sign as my lawyer. I understand that he has a fiduciary obligation to Travelers, but what if Travelers said no? He still has a legal obligation to sign the agreement as Keefer's lawyer. Okay, Your Honor, I'm going to direct you to page 6 of the defense brief, okay, and it says at page 6, on December 20th, 2021, Minor authorized Stephen's attorney, Minor is a Travelers agent, Stephen's attorney to sign the stipulation for entry of the consent judgment. So it's there, black and white, they agreed to it. Page 6, did you say? I'm sorry, it's page 6 of the appellee's brief, and it's on their statement of facts at the very bottom last paragraph. Yeah, I see what you're saying in the brief, but if we go to the documents, right, I mean, so you're saying that based on the brief, based on that word they authorized, that therefore under the no action clause that they authorized, or that they agreed in writing that Keefer has an obligation to pay, because I don't think Keefer ever agreed that he has an obligation to pay, by the way, and maybe you could point to me in the settlement agreement where Keefer agrees that he has an obligation to pay, because I don't think it's in there. The settlement agreement does not contain that language, but it's not required, because under the law, entering into that type of agreement is sufficient to constitute a damage or a harm, which reflects then into, or is carried over to try to collect from the insurance company, and for that I'll point you out to the Guillen vs. Xrel Guillen case. Guillen doesn't say that. Your Honor, I believe that's what it says. Mr. Bustamante, can I take one step back here, because I want to make sure I understand your argument. I want to make sure I understand your argument fully, and I understand your argument to be that Keefer is legally responsible for the judgment, because the entry of judgment alone is sufficient harm to Keefer to make him legally responsible. Is that your argument? Correct. And what Illinois case supports that argument? There are several. There's going to be Smiley, there's going to be Guillen, and we'll... Those are all different contexts, as pointed out in Traveler's Brief. In those cases, I think, in those cases, the argument was made that the insurer breached its duty to the insurer. Here you don't make that allegation. Because we're not there yet, Judge, and here's the biggest problem, okay? You're going into issues that were not even, should never have been before the court, because there was no case or controversy. You're going into issues that would require a pleading, a pleading under Section Rule 8 of the Federal Rules of Civil Procedure. There was no such a pleading here, and therefore, now we are being asked to respond to things that were not part of a case. The problem I have with that argument is, in essence, what we've got here is a declaratory judgment action, right? In substance. And the defendant in a declaratory judgment action often wants to say, I'm not ready yet, right? But Judge Bucklow made it clear that she was ready to go forward. I don't mean to interrupt Judge Kirsch's line of questioning. I'm trying to complement it. This is my next question. Okay. But where I was going is, I look at your, the document request that went with the citation, and it sure looks like you think you've got a bad faith claim. Well, Your Honor, again, please stay close. The recording is using that microphone. Yes, thank you. A citation allows me to request documents and discovery. It does. What's the purpose of asking for all of those categories of documents having to do with settlement and the offers of settlement? Okay. So let me explain to you, first of all, how my mind would work in this type of setting, okay? Number one is use your citation. I believe the travelers had a policy of insurance for $100,000 that would have been immediately payable. That was the purpose of the citation to discover assets, to get to the first part of the funds. You knew there was such a policy, right? I'm sorry? You knew there was such a policy. I knew there was such a policy, yes. But the next step after that was done would have been to file a complaint for bad faith in state court against travelers as an assignment, as an assignee of chief. Right, which would be immediately removable, correct? Which would be removable. So Judge Bucklow asked the question, what's the point of remanding this to the state courts only to have you assert such a claim and then remove it back to federal court? Because this was not properly pleaded, because there was no pleading, no controversy before the judge. I just simply do not understand how someone can force me to take a citation to discover assets. Think of it as a declaratory judgment action. I'm sorry. And convert it, okay? If the judge had said, I'm converting this to a declaratory judgment action, Mr. Bustamante, why don't you prepare a pleading so that we can have the facts that are in controversy, the issues lined out. That may be a different story. That never happened here. As it is, now I'm trying to figure out- The issues were teed up sufficiently with the motion for summary judgment. Did you ask for more time for discovery? I did not. Your Honor, I thought that this case should have never been here, and I did not want to go down that route. I did point out to the court, the case should never be here. It's a high-risk gamble, then. I'm sorry? That's a high-risk gamble. Well, Your Honor, I believe that this was the correct thing to do. Can I ask a couple of nitpicky, lawyerly, nerdy questions here? One is, in the state court, as I understand it, there was an agreed consent judgment and a dismissal with prejudice? Oh, no. That's never happened. The consent judgment, and I have a copy of the order entering the judgment, resulted in an order that simply says, the judgment is entered in favor of the plaintiffs and against the defendant in the amount of $600,000. Right. Period. Good. That settles that question. My next question is about the federal courts. Oh, sorry. No, that's a later case today. I apologize. I don't want to confuse you with my concerns about another case. But I have other lawyerly, nerdy questions about the judgment. The case that will be argued after this one. Okay. So, if I may, I really want to bring up to the point that dealing with a summary judgment issue was not proper in this context. Okay? This put me behind the eight ball. How am I supposed to now deal with a summary judgment when I don't have a plea? You have outstanding discovery requests. You have interrogatories outstanding. You have requests for production outstanding. The judge rules on the motion for remand, denying it, putting the parties on notice that this case is moving forward. The other side then files a motion for leave to file a motion for summary judgment, which the district court takes under advisement. At any point in this process, after the motion for leave to file a motion for summary judgment takes that under advisement, under, if we use Rule 56, did you do anything to put the judge on notice that there were outstanding discovery court requests, that you needed additional discovery, that this case, the ruling on the motion for summary judgment was not right? No, because the question was not... You did not? I did not. Did you file a response to the motion for summary judgment? We did. But Your Honor, the question was not whether the summary judgment was right. Summary judgment did not belong in this proceedings because it was only a citation and the citation was denied. We have no assets. So therefore, it should have been gone, right? Should not have been here. And so, you know, just going back to Rule 8. Rule 8 requires a plain and concise statement of the claim showing pleader is entitled to relief. What is the pleading? The pleading is a citation, they say. Citation, do you own any assets belonging to Stephen Keefer? Answer, no. There cannot be the basis for a so-called declaratory judgment action on a case that may not be brought with a citation to discover assets. If you will take a look at the Chandler case that we cite... I'm sorry, can you stay closer to the mic? I'm so sorry. The Chandler case that we cite specifically states that you may not bring a Rule 155 case, meaning a bad faith case, in a garnishment proceeding. No different than a citation proceeding. So it requires a separate claim, a separate cause of action. And the discovery request and the citation do not make this a separate controversy, okay? Can I get information that leads me to more assets? The travelers promised Keefer that it would protect them for any excess judgment when they decided not to settle in the first place. Those are things that are discoverable that would lead us to the ability to collect on a judgment. So bad faith did not come into play in this case because bad faith only takes place when you're trying to collect money over the policy limits. We were not there, as I told you before. Our plan, our game was to try to get the initial policy and then file a bad faith claim in proper course with the proper parties, the Jimenez assassinees of Keefer. So, Your Honors... How is this not distinguishable, I guess, from the Eclipse Manufacturing versus United States Compliance case where the district judge followed what you're asking us to do and that's remanded the case. And in Travelers, we answered that question. Yeah, Your Honor. That these types of proceedings could go forward. Bear with me one second. My mind went black on Eclipse. Just one second, Your Honor, please. It might be if you want to come back. Sorry. During your rebuttal time, if you want to come back and we can pick that back up, that's fine. Just give me one moment. Let me come back on that. I'll do it during my rebuttal. Okay. If Your Honors have no other questions, I'll sit down. Thank you, Mr. Basmante. Mr. Valentino. Good morning, Your Honors. May it please the court, my name is Richard Valentino and I represent the citation respondent in Appley Travelers Commercial Insurance Company. Plaintiffs here are appealing two orders of the district court entered following our timely removal of the citation to discover assets from the circuit court of Cook County. The first order, the court denied their motion to remand the citation. And in the second, it entered summary judgment for travelers and dismissed the citation proceeding with prejudice. In reaching its decisions, the district court carefully analyzed and correctly applied the relevant decisions of this court and travelers now asks this court to affirm those decisions. Should we start kind of where we stopped before in the discussion? Why was it appropriate for the judge to rule via summary judgment in this case? Because Your Honor, section 214.02 of the code of civil procedure, the supplementary proceedings provision allows for it. It anticipates that there'll be litigation, trial if necessary of whatever claim may come up where a citation, let me say the judgment creditor. The judgment creditor serves a third party citation respondent with a citation. 214.02 anticipates that if the respondent has a defense that it's gonna be litigated in that proceeding. And Illinois case law for decades has said citations are not garnishment, but they're similar to garnishment. And going back decades, coverage defenses are litigatable in garnishment actions. And citation proceedings are much broader than garnishment actions. The statute specifically allows for the litigation of the issues that are presented, excuse me, when the citation is served on us. And it's not genuine to claim that, oh, we were just looking for a policy we already knew about. The citation that came to us swore that there's a $600,000 judgment that they're looking for travelers to pay. So there's the idea that this though, that with bad faith, we weren't really sure what we're gonna do about. You know, that's just not plausible. This case was set up for a bad faith claim two weeks after the claim rolled into Traveler's Claim Department. That was always the intention here. And I don't wanna go too deeply into that because plaintiffs, when it all comes down to it, don't contend that they had a basis to support a factual basis to support a bad faith claim. They can contend whatever they wish, but the law is the law. And the law is that you need three factors. Three elements must be hit simultaneously to make a bad faith claim. You have to have a probability of liability being found against your insured. You have to have a probability of damages exceeding the policy limit. And you have to have a demand within the policy limit. And so when all of this started, if you'll recall, Traveler's was provided with very limited information by the plaintiffs, very limited medical bills. This was pre-suit. And when Traveler's asked for more to enable them to investigate the legitimacy of the... Basically, this is a question of, is there any causation between this minimal impact auto accident and these large number of pathologies identified in the plaintiff's shoulder? Or shoulder. And Traveler's has an absolute right to investigate that. Traveler's tried to exercise that right, and they were stopped dead by the plaintiffs by their refusal to provide any further information. And we were given 60 days to respond to this settlement demand. It might as well have been an hour because we can't get any more information. Here, Traveler's, here's what we're giving you, and you just have to rely on it and trust the counsel for plaintiffs. Oh, yes, this is a big deal. That's not how it works. We have a right to investigate. We wanted to exercise that right. We acted in good faith at all times. There's no doubt about it when you look at the record. And they stopped us, and they stopped us at a time when discovery was not available. Pre-suit. So, okay. So what does that mean? Well, that means, in so many words, there's no way they could establish that there was a probability of damages in excess of the limits at the time their demand was open. And they never made another settlement demand within policy limits. And they admit it. And that's, frankly, the end of it. They can't make a case for bad faith. There's no question that Traveler's fully defended Stephen. Was there a response to the second, I guess, the offer from Traveler's too? I'm sorry, Judge? Was there a response? Did we respond? Was there a response? Sure, yes. We said, can you give us more information? I'm sorry. I'm not finished. Oh, I'm sorry. It's fine. I just need to bring it down just a little bit. Was there a response to Traveler's offer to settle the case or to settle the claim for $100,000? My understanding, there was a new representative assigned to the case. And so after the second surgery, Traveler's attempted to engage in settlement discussions. And I'm not clear from the record if the plaintiffs ever responded to the offer made by Traveler's. So there was one surgery in August. And that was the first and only. And I'm sorry. So there were medical first time around 15,000. And then there was a surgery. Traveler's didn't have any medical records. They equated that to approximately 75,000 because you couldn't get any medical records or billing records. And so wasn't there an offer made by Traveler's? Yes. And so did they respond to that? Yes. They did, okay. They, by rejecting it. Okay, that's what I wanted to make sure. So ultimately, there's no way that they can make the bad faith case out. And they don't even try. They haven't tried. They've waived, I believe, trying because they've come back with nothing. And in the district court, they came back with nothing. And it's important to remember that their counsel is a key witness. I mean, he did all of the negotiating with Traveler's. If there was a case, a basis factually, for a bad faith claim against Traveler's, who is going to know? Yes, we made this offer for policy limits. We allowed an investigation and we gave them a reasonable time to respond. There's nothing like that, Your Honor. Nothing like that. We were essentially, I think this wasn't, some people say a setup at the beginning of the case. And there was a stonewalling of an opportunity to investigate the relatedness of these many conditions in Ms. Jimenez's arm to this accident. I mean, even counsel acknowledged that these symptoms are usually preexisting. And they proffered nothing in rebuttal to that. There's no evidence that really tying up the condition with the accident, but that doesn't matter for bad faith claim because what matters is those three elements that they can't satisfy. They can't satisfy the probability of damages in excess of the limits because the only time the offer was open was at the beginning of the case with minimal medical records and minimal medical expenses. Do you think we should spend some time on the motion to remand as whether or not that was appropriate and to making the determination of the citation proceeding was independent? I think this court's decisions show that Judge Bucklow did everything exactly right. Stephen Kiefer, when he signed that assignment and covenant agreement, the plaintiffs are releasing him. And I'd like to point to the court's attention to, if I can just give me a moment here, there's an exhibit in the record, which is the cover letter from Mr. Bustamante to Mr. Kiefer's defense lawyer. This is document 28-4, page six of 21, dated October 12th, 2021, time limited offer to Stephen Kiefer. This offer expires November 8th, 2021. Counsel, we hereby offer the following to your client, Stephen Kiefer, that will completely eliminate his personal exposure from money damages in this case. And then they make the offer of the, what I call the assignment and covenant not to execute. And Travelers did not interfere with Mr. Kiefer agreeing to that. Why should it? Why would Travelers interfere when this is an opportunity for Mr. Kiefer to be relieved from personal liability and when Travelers has done nothing wrong? If I, you know, Mr. Bustamante cited page six of our brief, I'd like to just briefly read that, you know, the Travelers representative, Mr. Minor, authorized Stephen's attorney to sign the stipulation and for entry of the judgment so that Stephen could take advantage of an opportunity to protect himself from any excess exposure that this matter presented. What's wrong with that? And what duty does Travelers have to tell the plaintiffs, oh, you might not want to do that. We have no duty whatsoever. They made a decision and that's their right. But it doesn't mean Stephen did anything wrong and it doesn't mean Travelers did anything wrong. And the simple truth under Illinois law is that when an insurer does not breach its duties as Travelers breached none here, that it is entitled to enforce the terms of its policy that require a legal responsibility to pay damages, which Stephen does not have. That is clear that when there's a covenant not to execute, the courts recognize that the individual who is the recipient of it faces no personal liability. This court has recognized it and the Illinois Supreme Court has recognized that as well. And so that general rule applies in this case. So as I say, going back to Judge Bucklow's decision, she was meticulous and this court's decisions fully support her approach. Taking Stephen's interest into account in terms of determining diversity, he has none in this case. He is protected from liability by the covenant not to execute. He can't face any liability in the citation proceeding. He was not even named or served as a respondent or defendant in the proceeding. So his citizenship should not be taken into account. This is a new action. This is essentially a bad faith action between plaintiffs and Travelers. And as this court recognized in, pardon me, I think counsel and I have a very different view on RISV because as this court said in RISV, the critical jurisdictional point in resolving the insurance dispute takes the case out of the sphere of 21402 C3, which applies when the third party is holding debtor's assets in a bank account, for example, and the realm of 1402 C6, which applies when the third party may be indebted to the debtor and allows a judgment creditor to maintain a separate action on that basis. As we explained in Good, a dispute under 1402 C6 presents a separate action that requires its own basis for federal jurisdiction, which you have here because Travelers is a Connecticut corporation and the plaintiffs are Illinois citizens. And again, looking at this court's decision in, pardon me, Good, I believe is the case, Judge Durkin in the district court realized that after a judgment was entered and the judgment creditor was pursuing the plaintiff's insurer, Allstate, that there was a separate controversy, but that because Allstate and the plaintiff were both Illinois citizens, there was no diversity jurisdiction. So the court dismissed the citation on that basis. It was a separate controversy, but there was no diversity. I don't think it's contended that Travelers breached any duties. By the way, the plaintiff submitted a 56, you know, they answered our 56-1 statement. They admitted everything that we alleged. They filed their own 56-1 statement. They said nothing in there to try to even give rise to a fact issue about whether the three elements for a failure to settle case were present. They have nothing, and they haven't even argued it in this court. So at the bottom of it all, they don't, I think, counsel recognizes they don't have a claim, or at least it seems that way because they have not argued anything to suggest that Travelers acted in bad faith and there's nothing in the record. And Travelers provided them, to your point earlier, Your Honor, yes, we filed a motion for leave to file summary judgment with all of the papers attached to it, all of the affidavits, all of the records, two and a half months before the due date of their response. They could have taken action under Rule 56 to, we can't, you know, we need information we don't have. They didn't do anything like that, and they were on notice of exactly what we were going to do from the time we filed our answer, which, by the way, in a removal case, your answer isn't due when you remove, necessarily. I forget the precise rule. I think it's miscellaneous federal rule, but it says in a removed case you have either the remaining time to answer in the state court or 10 days, something to that effect. So it's not a prerequisite to removal that you have already answered the pleading. And when we came to this court, we moved for additional time for our answer, excuse me, the district court. We were given 21 days and we filed promptly and we told the plaintiffs exactly what we were going to do on July 1st of 2021, that we were going to move for summary judgment and we told them why. So they were on notice for four months as to what our intentions were. And this is all, I don't know what, you know, it's in a way it's pretentious because at the bottom of it all, I think the plaintiff is suggesting they have some kind of right against travelers, but the fact is they don't. And the fact is the district court correctly ruled they don't based on uncontroverted evidence. And so counsel spoke of the Chandler case. Chandler is different. Chandler is a garnishment case. Chandler is a case where the insurer breached its duty to defend. That is not this case. None of the cases they rely on are this case because none of the cases involve an insurer who did absolutely nothing wrong, who simply discharged all of its duties and travelers did. And imagine, if you will, that travelers objected to this, to Stephen's execution of the covenant not to execute that would protect him from personal liability. Wouldn't that be putting its interests ahead of his, which is forbidden under the law? Maybe they were trying to, I don't know, put us in a catch-22, but that's not how it works. We have no obligations to them. We have no obligation. Our obligations run to Stephen and we fully discharged them and we fully protected him. And his only interest in this proceeding is to see it end because once it ends, however it ends, he's entitled to a release of that consent judgment. That's his only interest in this proceeding. I think we've been, in a way, talking about due process for quite a while here. There's no question they received it. There's no question, going back all the way to Judge Schader's opinion in the Resolution Trust, where his honor, late honor, essentially granted something that is similar to summary judgment on a petition that was filed by the judgment creditor unopposed. The judgment debtor did not oppose, did not bring up any evidence to rebut the judgment creditor's entitlement to, in that case, a resulting trust. Basically there was real property that was owned by the debtor but transferred to his wife to prevent, save it from execution. And Judge Schader, on the petition, undid that. And very similar to what the plaintiffs have done here, the defendant, in that case, I'm not sure it was a, yes, the citation respondent was also the defendant. And they did not come forth with evidence to rebut the facts in the petition that gave rise to the right to relief on the part of the judgment creditor. So everything in this case is exactly as it should be in terms of removal. And everything in this case went exactly the way it's supposed to go under Section 214.02 and the Supreme Court Rule 277, which governs procedure in citation proceedings. And so just really quickly, on those real quickly, I would note that Section F1 of 214.02 expressly anticipates contingent claims can be obtained and litigated in a citation proceeding. And most importantly of all, perhaps, the Supreme Court Rule gives the trial court the power to control and direct the proceeding to the end that the rights and interests of all parties, all parties, are going to be protected and harassment avoided. So it's not a one-way street for the plaintiffs. They hailed us into court. We have a right to make our case and do the things we did. So, Your Honors, thank you very much for hearing me. I really appreciate it. I do believe that the district court got to the right result on both orders. No question about it. And therefore, I ask that you please affirm per rulings. Thank you very much. Thank you, Mr. Valentino. Thank you, Your Honor. Mr. Bustamante. Thank you, Your Honors. So let me start with this. Given that they answered we all have no assets in the citation to discover assets, there was no possibility of asking for a turn over order. In fact, the plaintiff did not move for a turn over order. Therefore, there was no real controversy. There was no independent action. And the same is true for under whatever section you may bring under the 14-14, the citation proceedings. The next step the plaintiff would have had to take is a declaratory judgment action. Jose Jimenez and Maria Jimenez versus Travelers and Stephen Kiefer. In that declaratory judgment action, we would then ask the court to determine whether or not the first $100,000 in their policy should be paid over to the Jimenez's. After that was done, or maybe even concurrently, the Jimenez's could bring a bad faith action. Jose Jimenez and Maria Jimenez as assinees of Stephen Kiefer versus Travelers Insurance. That would be the next step. The plaintiffs were not permitted to bring any of those things because somehow the defense says, we're going to tell you, Judge, what the plaintiff really is seeking to do in this case when there's no pleading, nothing in particular telling us what the issues are and how the case is going to be framed. So the plaintiff was deprived from the opportunity to frame the issues in their case. How would you have framed them differently? I would have framed them differently in, as I told you before, declaratory judgment action. Thus, the defense, the Travelers, that they owe the first $100,000. And the second one would have been after doing my due diligence, lay out the facts sufficient to show that there was a bad faith. None of those things were pleaded by the plaintiff. And all of those was asserted by the defense saying, look at all this. We have no, no showing of bad faith. If you had named Mr. Kiefer one more time, if you had named Mr. Kiefer as a defendant in such an action, wouldn't that have been a breach of your agreement with him? I don't think so, Your Honor, because the in order for there to be a disposition, a declaratory judgment action with respect to the interpretation of the insurance policy, every party who is has an interest in that action must be named. So it was a requirement. It is a legal requirement to name him. So it would not be a breach of agreement. OK, but then he would have been only a nominal defendant. I don't know that, Your Honor. It all depends on what other agreements Mr. Kiefer had with travelers. That's something to be discovered as well. And if, in fact, as far as you're concerned, however, as far as you're concerned, he was at no risk to you all, correct? As far as I'm concerned, we were only attempting to get money from travelers and would not seek to collect judgment from Kiefer. But Kiefer had the fact that the judgment was entered against him was damaged to him. Well, how? Because, well, under the law, just the entry of a judgment is damage itself in itself. Well, that that sounds like a conclusion. What was the practical risk to him? Look at your own message that went with the offer. Your Honor, I cannot distinguish the practical risk from what the courts have told us is a real damage. So as I said, we're not going to attempt to collect for him, but the real damage is there as the courts have interpreted. And your Honor asked the question about Eclipse. So in Eclipse, the parties proceeded to through a citation proceeding to go into the insurance policy and whether it applied, et cetera, et cetera. That's because they made that motion. They put the matter at issue. They framed the issues in their motion in the way that then they could be responsible for trying to prove those. We never did. So because there was no independent controversy, your Honor, I'm going to ask you to enter a ruling and plaintiff's favor. OK, thank you, Mr. Bustamante. The case will be taken under advisement.